United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 19-10314-NMG |
| **Andres Arias,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In this case, Mr. Andres Arias ("Arias" or "petitioner") challenges the constitutionality of his 2021 conviction in this Court. Pending before the Court is petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255.

I. **Background**

In August, 2019, Arias, along with one co-defendant, was charged with one count of conspiracy to distribute and to possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, and five counts of distribution and possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi).

Arias was arrested in March, 2020 and in January, 2021, he pled guilty to all six counts of the indictment pursuant to a

plea agreement. That plea agreement contained a provision in which Arias waived his rights to appeal the conviction except in the event of ineffective assistance of counsel or prosecutorial misconduct. On July 14, 2021, Arias was sentenced to 51 months of imprisonment.

## II. Discussion

### A. Legal Standard

Section 2255 enables a prisoner in custody to file a petition to vacate, set aside or correct the sentence in the court that imposed the sentence if it was 1) in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) imposed under circumstances otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner bears the burden of establishing the need for relief in each of those circumstances. David, 134 F.3d at 474. To be entitled to relief under § 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident." Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

A § 2255 petition is procedurally defaulted and unreviewable on collateral attack when the petitioner has not presented the claim on direct appeal, lacks cause for failing to

do so and suffered no "actual prejudice resulting from the error." Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Likewise, petitioners may not relitigate issues that have previously been raised on direct appeal. Argencourt v. United States, 78 F.3d 14, 16 n. 1 (1st Cir. 1996).

Prevailing on a claim of ineffective assistance of counsel under the Sixth Amendment to the United States Constitution may provide a basis for habeas relief. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999). Ineffective assistance of counsel requires a petitioner to demonstrate that 1) his representation by counsel fell below an objective standard of professionalism and 2) he was prejudiced by his counsel's substandard conduct. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). The Strickland test is formidable:

> [J]udicial scrutiny of counsel's performance must be highly deferential [and] counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 689-90; see also Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (noting that petitioner must show that his "counsel's choice was so patently unreasonable that no competent attorney would have made it") (internal citation omitted).

Pro se pleadings are held to "less demanding standards than those drafted by lawyers" and are read liberally on a motion to dismiss. Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000). Even pro se litigants are, however, bound by the Federal Rules of Civil Procedure. Janosky v. Mass. P'ship for Corr. Healthcare, No. 15-cv-12929, 2017 WL 1164490, at *1 (D. Mass. Mar. 28, 2017) (dismissing plaintiff's complaint for failing to set forth any clear causes of action).

**B.   Application**

Arias, in his initial § 2255 petition, argued that his counsel provided ineffective assistance for failing to advise him: 1) that his transportation of drugs constituted five distinct conspiracies rather than one overarching conspiracy and 2) about his right to appeal the judgment. Arias also requested either an evidentiary hearing or resentencing in his reply to the government's opposition to assess the government's version of the events.

The government responds that petitioner's attorney was not ineffective because: 1) counsel's failure to advise petitioner of an unsupportable legal position does not constitute ineffective assistance and 2) petitioner waived his right to appeal after being informed of that right by the Court at sentencing.

### 1. Defense counsel's advice on conspiracy law

Arias argues that if he had known that his conduct constituted five distinct conspiracies, he would never have entered a plea of guilty. He disputes the existence of multiple agreements rather than a single agreement.

Those arguments do not satisfy petitioner's burden to show that his representation failed the Strickland test. As the government notes, the proposition that Arias was engaged in five separate conspiracies rather than "one overarching conspiracy to distribute fentanyl" does not find support in case law. In the First Circuit, the factors suggesting the existence of a single conspiracy, rather than multiple distinct conspiracies, are "(1) the existence of a common goal, (2) overlap among the activities' participants, and (3) interdependence among the participants." United States v. Paz-Alvarez, 799 F.3d 12, 30 (1st Cir. 2015) (quoting United States v. Ciresi, 697 F.3d 19, 26 (1st Cir. 2012)).

Here, the facts satisfy all those factors. Arias, his co-defendant Lara Diaz and the cooperating witness had the common goal of distributing fentanyl. They were all involved in every transaction at issue within the conspiracy and each had their own role within the operation. See id. Consequently, defense counsel's failure to advise of the possible existence of five

distinct conspiracies does not fall below an objective standard of professionalism. Strickland, 466 U.S. at 687-88. Because petitioner's case fails on Strickland's first prong, this Court need not determine whether the alleged misconduct caused actual prejudice.

### 2. Informing petitioner of his right to appeal

Arias argues that his attorney failed to consult with him about his right to appeal after sentencing. Citing Rojas-Medina v. United States, Arias claims that being advised of his right to appeal before sentencing by both his counsel and the Court was insufficient. 924 F.3d 9 (1st Cir. 2019).

Arias, nevertheless, waived his appellate rights when he signed his plea agreement, which states, "Defendant will lose the right to appeal or otherwise challenge his conviction and sentence." Even if the advice of petitioner's counsel fell below an objective standard of professionalism, his claim would fail on Strickland's second prong because Arias could not be prejudiced by his counsel's failure to advise him of appellate rights he did not have. 466 U.S. at 687. As a result, Arias' second claim fails as a matter of law.

### C. Evidentiary Hearing

A petitioner who files a § 2255 motion "is not entitled to an evidentiary hearing as a matter of right." David v. United

States, 134 F.3d 470, 477 (1st Cir. 1998). There is a "fairly heavy burden" of proving that an evidentiary hearing is merited. See United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993). To satisfy that burden, a habeas petitioner generally must provide evidence admissible under the Federal Rules of Evidence. Garuti v. Roden, 733 F.3d 18, 25 (1st Cir. 2013). The Court may dismiss a petition without a hearing if it is contradicted by the record, inherently incredible or if the petitioner has failed to provide "specific and detailed supporting facts." United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984). Furthermore,

> no [evidentiary] hearing is required where the district judge is thoroughly familiar with the case as, for example, when he presides at both a change of plea hearing and sentencing.

Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988).

An evidentiary hearing is unnecessary in this case because 1) the Court presided over petitioner's jury trial and sentencing and is thoroughly familiar with the case, 2) the petition is contradicted by the record and 3) the petition is wholly incredible. See id. The Court concludes that the record provides a sufficient basis for resolving the matter without an evidentiary hearing.

- 8 -

**ORDER**

For the foregoing reasons, the motion of petitioner to vacate his sentence pursuant to 28 U.S.C. § 2255 (Docket No. 119) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 28, 2023